Olshan Grundman Frome Rosenzweig & Wolosky LLP
Safia A. Anand
Martin J. Feinberg
744 Broad Street, 16th Floor
Newark, New Jersey 07102
(212) 451-2300
Attorneys for Plaintiff

and

Michael W.O. Holihan
Holihan Law
1101 North Lake Destiny Road, Suite 350
Maitland, FL 32751
(407) 660-8575
Of Counsel for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIKE, INC., <br><br> Plaintiff, <br><br> -against- <br><br> P.S. CUSTOMS BROKERAGE, INC. and PATRICIA A. SANDERS, <br><br> Defendants. | Civil Action No. <br><br> COMPLAINT |

### COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING, TRADEMARK DILUTION, IMPORTATION OF GOODS BEARING INFRINGING MARKS OR NAMES AND VIOLATION OF TARIFF ACT

Plaintiff Nike, Inc. ("Nike"), by its attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP and Holihan Law allege on knowledge as to its own acts and otherwise on information and belief as follows:

921538-1

## NATURE OF THE ACTION

1. This is an action for trademark counterfeiting, trademark infringement, false designation of origin, trademark dilution, unfair competition, violation of the Tariff Act, and unlawful importation of goods bearing infringing/counterfeit marks in violation of the laws of the United States. Nike seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Plaintiff's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq. Venue is properly founded in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

3. Nike is an Oregon corporation and maintains its principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

4. Defendant, P.S. Customs Brokerage, Inc. ("PS Customs") is a Georgia corporation, whose principal place of business is 510 Plaza Drive, Suite 1250, College Park, Georgia 30349. PS Customs is a licensed Customs Broker who transacts business in and/or has contracted to import the infringing goods at issue in Newark, New Jersey and in this judicial district, and who regularly conducts Customs business within the Port of Newark.

5. Defendant, Patricia A. Sanders ("Sanders"), is an individual who resides in the State of Georgia, but who also does business in the State of New Jersey and in this judicial district. Sanders is the moving, active, dominating and controlling force behind PS Customs' infringing, counterfeiting and other wrongful activities hereinafter alleged, and personally participated in

transactions alleged herein. Sanders is a licensed Customs Broker who regularly conducts Customs business within the Port of Newark and has transacted business in and/or has contracted to import the infringing goods at issue into New Jersey and in this judicial district (hereinafter PS Customs and Sanders are collectively referred to as the "Defendants" or "PS Brokerage").

6. Due to the nature of Defendants' business practices, the identity of the various John Does, Jane Does and XYZ Companies is not presently known with the exception of Sanders and PS Customs. The Complaint herein will be amended, if appropriate, to include the name or names of said individuals and/or entities when such information becomes available.

## NIKE'S FAMOUS TRADEMARKS

7. Since 1971, Nike has advertised, offered for sale, and sold footwear and other related products throughout the United States. Nike's sneakers have been widely advertised, offered for sale and sold throughout the United States under various distinctive trademarks, including "NIKE," "NIKE AIR," the distinctive "Swoosh" Design, which sometimes is used in conjunction with the "NIKE" trademark or the "NIKE AIR" trademark, and the "Jumpman" Design trademark (collectively the "Nike Trademarks"). The Nike Trademarks have at all relevant times been owned by Nike or its predecessor.

8. As a result of their exclusive and extensive use, the Nike Trademarks have acquired enormous value and recognition in the United States and throughout the world. The Nike Trademarks are well known to the consuming public and trade as identifying and distinguishing Nike exclusively and uniquely as the source of origin of the high quality products to which the marks are applied. The Nike Trademarks are both inherently distinctive and famous.

9. The Nike Trademarks registered in the United States Patent and Trademark Office for footwear include the following:

| MARK | Registration Date | Registration No. |
|---|---|---|
| NIKE | 2/19/74 | 978,952 |
| NIKE | 11/2/82 | 1,214,930 |
| NIKE AIR | 11/27/84 | 1,307,123 |
| SWOOSH DESIGN | 1/22/74 | 977,190 |
| SWOOSH DESIGN | 3/5/85 | 1,323,343 |
| SWOOSH DESIGN | 3/5/85 | 1,323,342 |
| NIKE & SWOOSH DESIGN | 3/19/85 | 1,325,938 |
| NIKE AIR & SWOOSH DESIGN | 7/3/84 | 1,284,386 |
| AIR & SWOOSH DESIGN | 6/3/97 | 2,068,075 |
| JUMPMAN | 9/26/89 | 1,558,100 |

10. The foregoing registrations have achieved incontestable status pursuant to 15 U.S.C. §1065. Nike also owns numerous registrations for the Nike Trademarks for goods and services other than footwear.

## DEFENDANTS' WRONGFUL ACTIVITIES

11. PS Brokerage without the consent of Nike, imported and/or distributed in interstate commerce footwear bearing unauthorized reproductions, copies, counterfeits and colorable imitations of the Nike Trademarks (the "Counterfeit Footwear").

12. On or about July 9, 2009, PS Brokerage filed entry documents with U.S. Customs ("Customs") for entry number BGX-10583413 (hereinafter referred to as the "Entry"), allowing for the importation of the Counterfeit Footwear into the United States. The Entry documents are annexed hereto as Exhibit "A."

13. The Entry consisted of 670 cartons of Counterfeit Footwear which were seized by Customs and valued at $410,680. A photograph of a sample of the Counterfeit Footwear has been annexed hereto as Exhibit B.

14. The Entry documents submitted to Customs by PS Brokerage, identified Cooper Lighting, 1209 San Dario, Laredo TX 78040-4515 ("Cooper"), as the ultimate Consignee for the Counterfeit Footwear shipment. The Entry documents also identified PS Brokerage, and not Cooper, as the Importer of Record for the Counterfeit Footwear. These documents were signed by Defendant "Patricia A. Sanders as Attorney in Fact for Cooper."

15. In order to act as the Importer of Record and to file the Entry documents with Customs, Defendants were required to prove that they had a "sufficient interest" in the Entry goods and had exercised "due diligence" in obtaining authority via a Power of Attorney ("POA") from the Cooper, designating Defendants as their attorney in fact. This POA was obtained by PS Brokerage and allegedly was executed by Cooper. A copy of Coopers' POA has been annexed hereto as Exhibit C.

16. As the Importer of Record, PS Brokerage was also required to use "reasonable care" in determining the nature of the goods covered by the Entry documents, including among other things, whether the goods bore the trademarks of any U.S. company, before filing said Entry documents with Customs.

17. Cooper never at any time authorized PS Brokerage to act on its behalf concerning the importation of any goods. Additionally, Cooper never at any time provided a POA to PS Brokerage. Finally, Cooper has never had a relationship with PS Brokerage.

18. Prior to the making of the Entry, PS Brokerage failed to make any contact with Cooper to confirm that Cooper was importing the goods covered by the Entry, that Cooper was aware of the Entry or that Cooper had issued the POA to the Defendants.

19. Prior to the making of the Entry, PS Brokerage failed to make any inquiry as to the nature of the Counterfeit Footwear including determining that the goods bore any Nike Trademarks.

20. PS Brokerage's actions in filing the Entry documentation constitutes the proximate cause of the importation of the Counterfeit Footwear.

21. By filing the Entry documentation, PS Brokerage deemed themselves to have sufficient interest in the Entry goods and to be responsible for their importation.

22. PS Brokerage's actions in filing the Entry documentation and coordinating with Prime Agency, a freight forwarder, located at 17548 Almahurst Road, Suite 209, City of Industry CA 91748, for the further transportation of the Counterfeit Footwear covered by the Entry was an act in furtherance of the distribution and ultimate sale of the Counterfeit Footwear.

23. The acts of Defendants in importing and distributing, in interstate commerce products bearing counterfeits of the Nike Trademarks: (a) are likely to cause confusion and mistake among the consuming public that all such products originate with Nike; (b) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association of Defendants with Nike; (c) are likely to cause confusion and mistake among the consuming public that said products and services are being offered to the consuming public with the sponsorship or approval of Nike; and/or (d) have caused and are likely to cause dilution of the distinctive quality of the Nike Trademarks.

24. Defendants imported and distributed the goods knowing the goods bore counterfeits of the Nike Trademarks, or willfully ignored whether the goods bore counterfeits of the Nike Trademarks. Defendants engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said goods and, to gain to Defendants, the benefit of the enormous goodwill associated with the Nike Trademarks. The aforementioned acts of Defendants are also likely to dilute, and have diluted, the distinctive quality of the Nike Trademarks.

### FIRST CLAIM FOR RELIEF
### (TRADEMARK COUNTERFEITING)

25. Nike repeats each and every allegation set forth in paragraphs 1 through 24 above as if fully set forth herein.

26. The Nike Trademarks, as they are being used by Defendants, are identical to or substantially indistinguishable from the registered Nike Trademarks. Accordingly, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

27. Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT)

28. Nike repeats each and every allegation set forth in paragraphs 1 through 27 above as if fully set forth herein.

29. Defendants' use of the Nike Trademarks, without Nike's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is

likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of footwear and other products bearing counterfeit and infringing Nike Trademarks.

30. Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN)

31. Nike repeats each and every allegation set forth in paragraphs 1 through 30 above as if fully set forth herein.

32. Defendants' use of the Nike Trademarks, without Nike's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the footwear imported and distributed by Defendants bearing counterfeit and infringing Nike Trademarks.

33. Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### (FEDERAL TRADEMARK DILUTION)

34. Nike repeats each and every allegation set forth in paragraphs 1 through 33 above as if fully set forth herein.

921538-1                                    8

35. The Nike Trademarks are famous and inherently distinctive. Nike and its predecessors in interest, in connection with the promotion and sale of their products, have used the Nike Trademarks for decades on both a national and international basis. As a result of Nike's extensive and substantial promotion of the Nike Trademarks, the consuming public and trade have come to associate these Nike Trademarks uniquely and distinctly with Nike and its high quality merchandise.

36. Long after the Nike Trademarks became famous, Defendants, without authority from Nike, used unauthorized reproductions, counterfeits, copies and colorable imitations of the Nike Trademarks and thereby caused, and are causing, the actual dilution of the distinctive qualities of these registered trademarks.

37. As a result, Defendants have engaged in trademark dilution in violation of 15 U.S.C. § 1125(c).

38. Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### IMPORTATION OF GOODS BEARING INFRINGING MARKS OR NAMES

39. Nike repeats each and every allegation set forth in paragraphs 1 through 38 above as if fully set forth herein.

40. Defendants imported Counterfeit Footwear bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the NIKE Trademarks in violation of 15 U.S.C. §1124.

41. Defendants' have materially contributed to the importation of Counterfeit Footwear bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the NIKE Trademarks.

42. Defendants' have realized gains and profits from the importation, or assisting in the importation, of the Counterfeit Footwear bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the NIKE Trademarks.

43. Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF TARIFF ACT

44. Nike repeats each and every allegation set forth in paragraphs 1 through 43 above as if fully set forth herein.

45. Defendants imported Counterfeit Footwear bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the NIKE Trademarks in violation of the 19 U.S.C. § 1526(a).

46. Nike has filed copies of its federal trademark registrations covering of one or more of the NIKE Trademarks with the Department of Treasury and U.S. Customs.

47. Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

WHEREFORE, Nike demands judgment as follows:

48. Permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

    (a)    imitating, copying or making unauthorized use of the Nike Trademarks;

    (b)    manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproduction, copy or colorable imitation of the Nike Trademarks;

    (c)    using any unauthorized reproduction, counterfeit, copy of colorable imitation of the Nike Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Nike or to any goods sold, sponsored, approved by, or connected with Nike;

    (d)    using any unauthorized reproduction, counterfeit, copy and colorable imitation of the Nike Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute Nike's image, trade names or reputation or the distinctive quality of the Nike Trademarks;

    (e)    engaging in any other activity constituting unfair competition with Nike, or constituting an infringement of the Nike Trademarks or of Nike's rights in, or its right to use or exploit such trademarks, or constituting dilution of the Nike Trademarks, and the reputation and the goodwill associated therewith;

(f) making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of Nike, or that is false or misleading with respect to Nike; and

(g) engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized reproductions, counterfeits, copies and colorable imitations of the Nike Trademarks, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(f) above.

49. Directing Defendants to deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing resemblance to the Nike Trademarks and/or any unauthorized reproductions, copies, or colorable imitations thereof.

50. Directing such other relief as the Court may deem appropriate to prevent any erroneous impression among the trade and/or public that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by Nike or is related to or associated in any way with Nike's products.

51. Requiring Defendants to account and pay over to Nike, all profits realized by their wrongful acts and directing that such profits be trebled due to Defendants' willful actions.

52. Awarding Nike, at its election, statutory damages in the amount of $2,000,000 per mark for each type of good in connection with which Defendants used counterfeits of the Nike Trademarks.

53. Awarding Nike its costs and reasonable attorneys' and investigatory fees and expenses, together with pre-judgment interest.

54. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

55. Awarding Nike such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 18, 2010

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

By: _____
Safia A. Anand
Martin J. Feinberg
*Attorneys for Plaintiff, Nike Inc.*
744 Broad Street, 16th Floor,
Newark, New Jersey 07102
(212) 451-2300

and

Michael W.O. Holihan
Holihan Law
*Of Counsel for Plaintiff, Nike Inc.*
1101 North Lake Destiny Road, Suite 350
Maitland, FL 32751
(407) 660-8575